Joseph Jiitdice, J.
This is a motion by the defendant for leave to renew his motion to suppress evidence obtained as a result of two wiretap orders. Heretofore, this court denied the defendant’s motion to suppress and subsequent to the denial of the defendant’s motion, transcripts of telephonic communications were made available to him and based upon these transcripts, he now renews his motion.
In effect, the defendant is moving to vacate the eavesdropping warrant issued by this court in June of 1970 and to suppress the use in evidence of the telephonic conversations contained therein.
Prior to this court’s issuance of the second eavesdropping warrant in June of 1970, Supreme Court Justice Rttbehfeld issued an eavesdropping warrant on May 28, 1970. The first eavesdropping warrant issued by Justice Rubekfeld was against a party known as Otello and during the execution of said warrant, telephonic communications were overheard concerning this defendant. Based upon those telephone conversations, coupled with additional independent investigations, the second eavesdropping warrant was issued by this court. This warrant not only allowed the law enforcement authorities to intercept telephonic communications of the original suspect, Otello, but also of this defendant.
*166 The general import of the defendant’s motion is to suppress the evidence obtained under the second warrant since that warrant was supposedly issued as a result of conversations overheard in telephonic communications between this defendant and Otello and the first eavesdropping warrant was not properly amended under section 825 of the old Code of Criminal Procedure to reflect these conversations.
Defendant’s motion is without merit.
First of all, the purpose of subdivision 4 of section 825 of the Code of Criminal Procedure to the effect that an outstanding eavesdropping warrant must be amended when new criminal matters not specified in the warrant come to light as a result of a wiretap, is to legalize the continuance of the wiretap to discover further evidence of newly discovered crimes (People v. Rufino, 62 Misc 2d 653).
This court is of the opinion there is no distinction between an amended eavesdropping warrant under section 825 and an application for a new warrant due to the fact, primarily, that evidence presented before this court on the second application would be the same in either case. In fact, this court believes a new warrant is stronger than an amended warrant. The District Attorney could have chosen to amend the original warrant to include the evidence derived against this defendant as a result of the intercepted communications not part of the original warrant. He chose, however, to obtain a new warrant which, in this court’s opinion, served the same purpose as an amendment and was, in fact, a stronger document.
The new warrant issued by this court had the same effect as amending the first eavesdropping warrant issued by Supreme Court Justice Rubenfbld.
Based upon the foregoing, the court denies the defendant’s motion to suppress.